**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7200

WRITER'S INTERNET ADDRESS
susheelkirpalani@quinnemanuel.com

June 12, 2014

**VIA HAND-DELIVERY AND ECF**

The Honorable Robert D. Drain
United States Bankruptcy Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

RE:   *U.S. Bank v. Wilmington Savs. Fund Soc'y*, Adv. Proc. No. 14-8238 (RDD);
       *In re MPM Silicones, LLC*, Case No. 14-22503 (RDD)

Dear Judge Drain:

    We are counsel to U.S. Bank National Association, as successor indenture trustee under the Senior Subordinated Notes Indenture (the "Indenture"), the Plaintiff in the above-captioned Adversary Proceeding.  Pursuant to Local Bankruptcy Rule 7056-1(a), we respectfully request a pre-motion conference in order to file a motion for summary judgment ("Motion") at the Court's earliest convenience.  This letter sets forth the issues to be presented in the Motion.

    U.S. Bank's declaratory judgment action is ripe for decision on summary judgment because the issue presented in the case is exclusively legal:  whether the Debtors' Second-Priority Notes are "Senior Indebtedness" under the governing contract, the Indenture.  *See* Complaint ¶ 60, May 30, 2014, ECF No. 1.  The interpretation of indenture provisions is a matter of basic contract law.  *Jamie Sec. Co. v. The Ltd., Inc.*, 880 F.2d 1572, 1576 (2d Cir. 1989).  Here, the facts are not in dispute or can be derived from the public record.  *See In re KV Discovery Solutions, Inc.*, 496 B.R. 330 (Bankr. S.D.N.Y. 2013) (granting summary judgment motion concerning meaning of "Senior Indebtedness").  Thus, no fact-finding is necessary and summary judgment is an appropriate procedure for adjudication of this case.  *Adirondack Transit Lines, Inc. v. United Transp. Union,* 305 F.3d 82, 84 (2d Cir.2002) ("The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may be properly resolved by summary judgment."); *see also In re G+G Retail, Inc.*, Bankr. Case No. 06-10152 (RDD), 2010 WL 743918, at *1 (Bankr. S.D.N.Y. Feb. 24, 2010) (same) (citing *Adirondack Transit*).

As described in the Complaint, the terms of the Indenture provide that the Senior Sub Notes are subordinated in right of payment exclusively to "Senior Indebtedness." The Indenture specifically defines "Senior Indebtedness" to exclude, among other things, indebtedness of the Company or any Guarantor that, as to other indebtedness or obligations of the Company or such Guarantor, is "subordinated *in right of payment*" (the "Payment Subordination Exception") or "subordinate or junior *in any respect*" (the "In Any Respect Subordination Exception"). The Intercreditor Agreement to which the Second-Priority Notes are subject provides that they are junior and subordinated to the Debtors' Senior Lender Claims in several respects, including, *e.g.,* the right to payment or satisfaction from the proceeds of Common Collateral. As a result, the Second-Priority Notes do not constitute Senior Indebtedness and are not senior in right of payment to the Senior Sub Notes, notwithstanding the Debtors' position to the contrary.

Recent filings with the Court reflect that the Debtors would like to resolve this issue in connection with plan confirmation proceedings, along with at least two other adversary proceedings for which, however, the Debtors' plan includes a "toggle" function. Doing so makes little sense in terms of judicial or estate economies. The Debtors have conceded that if the Senior Sub Notes are not subordinate in right of payment to the Second-Priority Notes, their plan is unconfirmable. Thus, this fundamental threshold issue should be resolved in advance of incurring the administrative expenses associated with plan confirmation proceedings and potentially wasting judicial and party resources in preparation for such proceedings. Because the issues raised in this adversary proceeding are legal and dispositive, they can and should be resolved by the Court prior to plan confirmation proceedings.

U.S. Bank proposes the following briefing schedule in connection with its Motion:

- Motion (limited to 25 pages) to be filed on **June 20, 2014**.

- Defendants' opposition papers (limited to 25 pages) to be filed on **July 11, 2014**. U.S. Bank consents to the intervention of the Ad Hoc Committee of Second-Priority Note Holders.

- Reply papers (limited to 15 pages) to be filed on **July 23, 2014**.

- Hearing on the Motion, subject to the Court's calendar, to be held the week of July 28th.

We are prepared to discuss this matter at the Court's earliest convenience, including at or prior to the June 19th omnibus hearing.


Respectfully submitted,

*[signature]*

Susheel Kirpalani

2

Pg 3 of 3

cc: Seth Lieberman (via ECF and email)
Patrick Sibley (via ECF and email)
Dennis Dunne (via ECF and email)
Samuel Khalil (via ECF and email)
Matthew Feldman (via ECF and email)
Jennifer Hardy (via ECF and email)