QUINN EMANUEL URQUHART & SULLIVAN, LLP
Susheel Kirpalani
Benjamin I. Finestone
Robert Loigman
Daniel R. Koffmann
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

MASLON EDELMAN BORMAN & BRAND, LLP
Clark Whitmore
Ana Chilingarishvili
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 672-8200
Facsimile: (612) 672-8397

K. John Shaffer
Matthew Scheck
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for U.S. Bank National Association, solely in its capacity as Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MPM Silicones, LLC, *et al.*, | : | Case No. 14-22503 (RDD) |
| Debtors. | : | (Jointly Administered) |
| U.S. Bank National Association, as Indenture Trustee, | : | |
| Plaintiff, | : | |
| -against- | : | Adv. Proc. No. 14–08238 (RDD) |
| Wilmington Savings Fund Society, FSB, as Indenture Trustee; Momentive Performance Materials, Inc.; Juniper Bond Holdings I LLC; Juniper Bond Holdings II LLC; Juniper Bond Holdings III LLC; Juniper Bond Holdings IV LLC; Momentive Performance Materials China SPV Inc.; Momentive Performance Materials Holdings Inc.; Momentive Performance Materials Quartz, Inc.; Momentive Performance Materials South America Inc.; Momentive Performance Materials USA Inc.; Momentive Performance Materials Worldwide Inc.; | : | |

```
and MPM Silicones, LLC,                          :
                                                 :
                          Defendants.            :
-------------------------------------------------------------------------- X
```

**OBJECTION OF U.S. BANK NATIONAL ASSOCIATION AS INDENTURE TRUSTEE TO DEBTORS' MOTION FOR AN ORDER ESTABLISHING A TIMELINE FOR CONFIRMATION AND ADVERSARY PROCEEDING-RELATED DISCOVERY**

U.S. Bank National Association, as successor indenture trustee (in such capacity, "U.S. Bank") under the terms of that certain Indenture dated as of December 4, 2006, among Momentive Performance Materials Inc., the Guarantors named in the Indenture, and Wells Fargo Bank, N.A., as initial trustee, governing the 11.5% Senior Subordinated Notes due 2016 ("Senior Sub Notes") objects to the Debtors' motion (the "Motion") (Dkt No. 317) for orders establishing a timeline for discovery in connection with the adversary proceeding captioned *U.S. Bank National Association, as Indenture Trustee v. Wilmington Savings Fund Society, FSB, as Indenture Trustee, et al. (In re MPM Silicones, LLC)*, Adv. Proc. No. 14-08238 (RDD) (the "Subordination Adversary Proceeding").

**OBJECTION**

***The Debtors' Proposed Discovery Schedule Is Inapplicable To The Purely Legal Issue Raised By The Subordination Adversary Proceeding, Which Should Be Resolved At A Hearing In Advance of Plan Confirmation.***

1.    The Subordination Adversary Proceeding seeks a sole declaratory judgment to the effect that the Debtors' Senior Sub Notes are *pari passu* and not subordinated in right of payment to the Debtors' Second-Priority Notes, predicated on the fact that the Second-Priority Notes are not "Senior Indebtedness" within the plain meaning of the governing contract, the Senior Sub Notes Indenture.

2.    Discovery is unnecessary to resolve the purely legal Subordination Adversary Proceeding, which involves the Court's interpretation of the unambiguous terms and provisions

2

of the Senior Sub Notes Indenture—primarily, the definition of Senior Indebtedness. *See Adirondack Transit Lines, Inc. v. United Transp. Union,* 305 F.3d 82, 84 (2d Cir. 2002) ("The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may be properly resolved by summary judgment."); *see also In re G+G Retail, Inc.,* Bankr. Case No. 06-10152, 2010 WL 743918, at *3 (Bankr. S.D.N.Y. Feb. 24, 2010) (Drain, J.) ("an issue that depends on the unambiguous terms of a written agreement is particularly apt for resolution by summary judgment, being a question of law"). "Language whose meaning is otherwise plain is not ambiguous merely because the parties urge different interpretations in the litigation." *Id.* (internal citation omitted).

3. Moreover, as the Debtors have conceded—and the United States Trustee has correctly recognized—"if the issue is decided in favor of [U.S. Bank], the current Plan cannot be confirmed." *Objection of the United States Trustee to Debtors' Disclosure Statement* at 7. Because it is undisputed that the issue raised in the Subordination Adversary Proceeding is a threshold issue relative to the confirmability of the Debtors' proposed plan of reorganization ("Plan") and can be readily decided, it should be decided first.

4. For these reasons, the Debtors' general proposed discovery schedule for other adversary proceedings and general confirmation disputes should not apply to the Subordination Adversary Proceeding. Instead, as set forth in detail in its letter to the Court dated June 12, 2014, U.S. Bank requests that this Court exercise its inherent power to manage its own docket and, pursuant to section 105(d) of the Bankruptcy Code[1] and Bankruptcy Rule 7016,[2] schedule a

---

[1] Section 105(d) provides, in pertinent part, that the Court "on its own motion or on the request of a party in interest … may issue an order … prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically….". 11 U.S.C. § 105(d).

3

threshold hearing for consideration of U.S. Bank's prospective motion for summary judgment. In its letter U.S. Bank proposed a hearing, subject to the Court's calendar, to be held the week of July 28th.  U.S. Bank's proposed briefing on the pertinent legal issue as follows:

- Motion (limited to 25 pages) to be filed on June 20, 2014.

- Defendants' opposition papers (limited to 25 pages) to be filed on July 11, 2014. U.S. Bank consents to the intervention of the Ad Hoc Committee of Second-Priority Note Holders.

- Reply papers (limited to 15 pages) to be filed on July 23, 2014.

5. Pending the Court's consideration of U.S. Bank's summary judgment motion, discovery on the Subordination Adversary Proceeding should be stayed so that the parties are not prejudiced in the event the Court determines extrinsic evidence is necessary.  The parties (and the estates which are ultimately bearing the costs) should not now engage in expensive and likely wasteful discovery in connection with the Subordination Adversary Proceeding.

6. If the Subordination Adversary Proceeding is resolved in the Debtors' favor, they may proceed to Plan confirmation, subject to any appellate process, knowing then they are expending estate resources wisely.[3]  If the matter is resolved in U.S. Bank's favor, all stakeholders of the Debtors' estates will benefit by reaching this conclusion sooner rather than later.

---

[2]  Federal Rule of Civil Procedure 16 concerns, among other things, "expediting disposition of the action; establishing early and continuing control so that the case will not be protracted because of lack of management; [and] discouraging wasteful pretrial activities…." Fed.R. Civ.P. 16.

[3]  U.S. Bank holds a separate unsecured claim for the payment of its fees and expenses under the Plan that is not part of the Subordination Adversary Proceeding, which claim must receive payment in full even under the currently-proposed Plan.

### *The Debtors' Proposed Discovery Schedule Is Unworkable In Any Event.*

7. In the event the Court determines that discovery should go forward with respect to the Subordination Adversary Proceeding (immediately or after finding the presence of a genuine dispute of material fact in connection with considering U.S. Bank's summary judgment motion), significant changes are required to the Debtors' proposed schedule, which is unreasonable and unfair.

8. As an initial matter, the Debtors' proposed schedule does not require Rule 26(a) initial disclosures. So, with respect to extrinsic evidence, the Debtors proposal leaves U.S. Bank starting in the dark.

9. Then, all within two and a half weeks—June 23 to July 9 (including over the Fourth of July holiday)—U.S. Bank would have to propound and receive discovery from numerous parties concerning materials dating back to before the execution of the Indenture, *i.e.*, at least as early as 2006. Motion at ¶ 12(a)–(c). These parties would include, at a minimum: the Debtors; the Debtors' investment bankers and outside counsel that structured and executed the issuance of the Senior Sub Notes; the initial indenture trustee; and the initial indenture trustee's advisers. U.S. Bank would similarly be required to propound discovery upon the parties who negotiated the indentures and intercreditor agreements for and between the Debtors' First Priority Notes, 1.5 Priority Notes, and Second Priority Notes, in view of the fact that putative subordination turns on the relationships between and among this indebtedness.

10. After completing the foregoing impossible task on July 9, U.S. Bank would have *one day* to review such materials and notice depositions for fact witnesses before the July 10 deadline to do so. Motion at ¶ 12(d).

11. Expert witnesses are to be disclosed by July 3—well before the bulk of document discovery has occurred—and their written reports are to be served by July 14—well before fact

5

depositions have completed. Motion at ¶ 12(f)–(g). Thus, the parties will be required to select experts and the experts will be required to operate without a full factual understanding. On top of this, the parties will have three days to complete expert depositions after all expert reports are served. Motion at ¶ 12(h)–(j).

12. All of this is patently unreasonable and devoid of any notion of due process. But, the most offensive part of the Debtors' proposed schedule is that there is no real reason for it. The Debtors' post-petition financing does not mature until the date that is 12 months following the commencement of these cases—*i.e.,* well into 2015. The only reason the Debtors have requested a confirmation hearing in mid-August is because that is when the Plan proponents determined they want to be paid. The desire of the Plan Proponents is a patently insufficient basis for sacrificing the due process rights of parties in interest to be afforded sufficient time for adequate discovery, in the event disputes cannot be resolved without discovery.

WHEREFORE, U.S. Bank respectfully requests that the Court enter an order denying the Debtors' Motion; scheduling a hearing in the Subordination Adversary Proceeding for consideration of U.S. Bank's summary judgment motion; and holding any discovery deadlines in abeyance pending resolution of the motion or, alternatively, instructing the parties to the Subordination Adversary Proceeding to meet and confer to agree upon a reasonable schedule for discovery.

Dated:   New York, New York
         June 16, 2014

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

/s/ Susheel Kirpalani
Susheel Kirpalani
Benjamin I. Finestone
Robert Loigman
Daniel R. Koffmann
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
susheelkirpalani@quinnemaunel.com
benjaminfinestone@quinnemaunel.com
robertloigman@quinnemanuel.com
danielkoffmann@quinnemanuel.com

K. John Shaffer
Matthew Scheck
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
johnshaffer@quinnemanuel.com
matthewsheck@quinnemanuel.com

- and -

MASLON EDELMAN BORMAN
& BRAND, LLP
Clark Whitmore
Ana Chilingarishvili
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:  (612) 672-8200
Facsimile:  (612) 672-8397
clark.whitmore@maslon.com
ana.chilingarishvili@maslon.com

*Attorneys for U.S. Bank, National Association, as Indenture Trustee*