Joseph T. Baio
Dan C. Kozusko
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                                          :
In re                                                     :    Chapter 11
                                                          :
MPM SILICONES, LLC, *et al.*,[1]                          :    Case No. 14-22503 (RDD)
                                                          :
            Debtors.                                      :    (Jointly Administered)
                                                          :
---------------------------------------------------------x
                                                          :
MOMENTIVE PERFORMANCE                                     :
MATERIALS INC., MOMENTIVE                                 :
PERFORMANCE MATERIALS                                     :
WORLDWIDE INC., MOMENTIVE                                 :
PERFORMANCE MATERIALS USA INC.,                           :
JUNIPER BOND HOLDINGS I LLC,                              :    Chapter 11
JUNIPER BOND HOLDINGS II LLC,                             :
JUNIPER BOND HOLDINGS III LLC,                            :
JUNIPER BOND HOLDINGS IV LLC,                             :    Adversary Proceeding
MOMENTIVE PERFORMANCE                                     :    No. 14-08227 (RDD)
MATERIALS QUARTZ, INC., MPM                               :
SILICONES, LLC, MOMENTIVE                                 :
PERFORMANCE MATERIALS SOUTH                               :
AMERICA INC., MOMENTIVE                                   :

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Juniper Bond Holdings I LLC (9631), Juniper Bond Holdings II LLC (9692), Juniper Bond Holdings III LLC (9765), Juniper Bond Holdings IV LLC (9836), Momentive Performance Materials China SPV Inc. (8469), Momentive Performance Materials Holdings Inc. (8246), Momentive Performance Materials Inc. (8297), Momentive Performance Materials Quartz, Inc. (9929), Momentive Performance Materials South America Inc. (4895), Momentive Performance Materials USA Inc. (8388), Momentive Performance Materials Worldwide Inc. (8357), and MPM Silicones, LLC (5481).

| | |
|---|---|
| PERFORMANCE MATERIALS CHINA SPV INC. | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., solely as Trustee for the MPM Escrow LLC and MPM Finance Escrow Corp. 8.875% First Priority Senior Secured Notes due 2020, | : |
| | : |
| Defendant. | : |

-------------------------------------------------- x

| | | |
|---|---|---|
| MOMENTIVE PERFORMANCE MATERIALS INC., MOMENTIVE PERFORMANCE MATERIALS WORLDWIDE INC., MOMENTIVE PERFORMANCE MATERIALS USA INC., JUNIPER BOND HOLDINGS I LLC, JUNIPER BOND HOLDINGS II LLC, JUNIPER BOND HOLDINGS III LLC, JUNIPER BOND HOLDINGS IV LLC, MOMENTIVE PERFORMANCE MATERIALS QUARTZ, INC., MPM SILICONES, LLC, MOMENTIVE PERFORMANCE MATERIALS SOUTH AMERICA INC., MOMENTIVE PERFORMANCE MATERIALS CHINA SPV INC. | : | Chapter 11 |
| | : | Adversary Proceeding No. 14-08228 (RDD) |
| Plaintiffs, | : | |
| v. | : | |
| WILMINGTON TRUST, N.A., solely as Trustee for the Momentive Performance Materials Inc. 10% Senior Secured Notes due 2020, | : | |
| Defendant. | : | |

-------------------------------------------------- x

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE <br><br> Plaintiff, <br><br> v. <br><br> WILMINGTON SAVINGS FUND SOCIETY, FSB, AS INDENTURE TRUSTEE; MOMENTIVE PERFORMANCE MATERIALS, INC.; JUNIPER BOND HOLDINGS I LLC; JUNIPER BOND HOLDINGS II LLC; JUNIPER BOND HOLDINGS III LLC; JUNIPER BOND HOLDINGS IV LLC; MOMENTIVE PERFORMANCE MATERIALS CHINA SPV INC.; MOMENTIVE PERFORMANCE MATERIALS HOLDINGS INC.; MOMENTIVE PERFORMACNE MATERIALS QUARTZ, INC.; MOMENTIVE PERFORMANCE MATERIALS SOUTH AMERCA INC.; MOMENTIVE PERFORMANCE MATERIALS USA INC.; MOMENTIVE PERFORMANCE MATERIALS WORLDWIDE INC.; AND MPM SILICONES LLC <br><br> Defendants | Chapter 11 <br><br> Adversary Proceeding No. 14-08238 (RDD) |

## DEBTORS' OMNIBUS REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR AN ORDER ESTABLISHING A TIMELINE FOR CONFIRMATION- AND ADVERSARY PROCEEDING-RELATED DISCOVERY

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), by and through their undersigned counsel, submit this omnibus reply (the "**Reply**")[2] in response to objections (collectively, the "**Objections**")[3] to the Debtors'

---

[2] Capitalized terms not defined herein have the meanings given them in the Motion.

- 3 -

Motion For An Order Establishing A Timeline For Confirmation- And Adversary Proceeding-Related Discovery (the "**Motion**").[4] In support of the Motion and this Reply, the Debtors respectfully represent:

**PRELIMINARY STATEMENT**

1. In the Motion, the Debtors ask this Court to establish a timeline for both confirmation- and adversary proceeding-related discovery that will permit any discovery that may be necessary in connection with those proceedings to be completed in advance of both the confirmation hearing on August 14, 2014 and the related objection deadline of July 28, 2014. The Objections are littered with complaints about the Objectors' purported inability to meet the discovery deadlines proposed by the Debtors and instead ask the Court to order an alternative litigation schedule pursuant to which any confirmation hearing on the Debtors' Plan would be adjourned indefinitely pending resolution of the subsequently-filed Adversary Proceedings. All of the Objectors' arguments are without merit for the reasons that follow.

2. As an initial matter, the Objections are all premised on the contention that the confirmation hearing should not begin as scheduled on August 14, but occur instead at some unspecified date in the future. The Objectors, however, have failed to establish any basis for adjourning the current confirmation hearing date in the Disclosure Statement Motion, as the Debtors reply in further support of that motion demonstrates. Thus, the confirmation hearing should commence as scheduled on August 14, 2014. (*See* Point I, *infra*.)

---

[3]    The Debtors received objections from the following parties as of the date hereof: (i) a joint objection by the Bank of New York Mellon Trust Company, N.A., as First Lien Trustee (the "**First Lien Trustee**") and Wilmington Trust, N.A., as Trustee (the "**1.5 Lien Trustee**"); and (ii) U.S. Bank National Association as Indenture Trustee (the "**Subordinated Notes Trustee**" and together with the First Lien Trustee and 1.5 Lien Trustee, the "**Objectors**").

[4]    The Motion appears as Docket No. 317 in the above-captioned jointly administered chapter 11 cases (the "**Chapter 11 Cases**") and as Docket Nos. 7, 9, and 4 in Adversary Proceeding Nos. 14-08227-rdd, 14-08228-rdd (collectively, the "**Redemption Premium Adversary Proceedings**"), and 14-08238-rdd, respectively (the "**Subordination Adversary Proceeding**" and together with the Redemption Premium Adversary Proceedings, the "**Adversary Proceedings**").

3. Likewise, the Objectors' complaints regarding the discovery deadlines stated in the Motion, as well as their proposed alternative litigation schedule, are all deficient. The Objectors' threshold argument against the Debtors' schedule—that the subsequently-filed Adversary Proceedings should be resolved prior to the Court scheduling any confirmation hearing on the Plan proposed by the Debtors in their first-filed Chapter 11 Cases—fails because it contravenes the settled law of this Circuit that gives priority to first-filed actions. (*See* Point II.A., *infra*.) Nor have the First Lien and 1.5 Lien Trustees demonstrated that over four weeks of post-discovery summary judgment briefing on the Redemption Premium Adversary Proceedings is necessary before the Court can even schedule a confirmation hearing on the Plan. (*See* Point II.B., *infra*.) Finally, the Objectors assert a number of flawed complaints over particular dates for fact and expert discovery proposed by the Debtors, none of which provides any basis for departing from the discovery schedule set forth in the Motion. (*See* Point II.C., *infra*.)

4. Accordingly, the Objections should be overruled, the Motion granted, and the Court should enter the Debtors' Proposed Order establishing a timeline for confirmation- and adversary proceeding-related discovery.

## REPLY TO OBJECTIONS

**I.    The Confirmation Hearing Should Proceed As Scheduled On August 14, 2014.**

5. As demonstrated in the Debtors' Omnibus Reply in Support of Approval of Disclosure Statement for Joint Chapter 11 Plan of Reorganization for Momentive Performance Materials Inc. and its Affiliated Debtors [Docket No. 425] (the "**Disclosure Statement Reply**"), the Objectors' contention that the hearing on confirmation of the Debtors' Plan (the "**Confirmation Hearing**") should be adjourned from the current August 14 date is fatally flawed, given the harm it would cause the Debtors. Such an adjournment would: (a) trigger

events of default under the RSA and Backstop Commitment Agreement and the attendant loss of $600 million in equity commitments; (b) endanger the $1.2 billion in financing commitments secured by the Debtors in order to pay holders of First Lien Notes and 1.5 Lien Notes in cash; and (c) potentially allow to lapse the Plan Support Parties' commitment to vote in favor of the Plan, the consequences of which would include exponentially higher restructuring fees and possible irreparable harm to the Debtors' business.[5] (Disclosure Statement Reply ¶ 21.) Accordingly, the Confirmation Hearing should proceed as scheduled on August 14.

II.   **The Objectors' Complaints About The Debtors' Proposed Timeline For Confirmation- And Adversary Proceeding-Related Discovery Are Without Merit.**

    A.   The Subsequently-Filed Adversary Proceedings Should Not Be Resolved In Advance Of The Confirmation Hearing On The Debtors' Plan Of Reorganization In The First-Filed Chapter 11 Cases.

        6.   The Objectors ask this Court to resolve all of the Adversary Proceedings before it holds a Confirmation Hearing on the Plan. (U.S. Bank Objection ¶ 6; Wilmington Trust/BNY Objection ¶ 12(s) n.3.) The Objectors, however, do not deny that the Plan proposed by the Debtors that will be the subject of the Confirmation Hearing requires the Court to decide the issues presented by both the Redemption Premium Adversary Proceedings and the Subordination Adversary Proceeding, *i.e.*, (a) whether holders of First Lien and 1.5 Lien Notes are entitled to receive any redemption premium and (b) whether holders of Subordinated Notes are contractually subordinate to the holders of Second Lien Notes and, therefore, are not entitled to any recovery at all under the Plan, on the basis of that contractual subordination provision in their indenture. The Objectors' argument is flawed on multiple levels.

---

[5]   In addition to the arguments addressed in the Disclosure Statement Motion Reply, the Objectors contend that the Confirmation Hearing should be adjourned *sine die* so that the subsequently-filed Adversary Proceedings may all proceed to final judgment first. (U.S. Bank Objection ¶ 6; Wilmington Trust/BNY Objection ¶ 12(s) n.3.) The Debtors address that flawed argument in Point II.A., *infra*.

7. First, the approach advocated by the Objectors contradicts the settled law of this Circuit that, in cases involving substantially the same parties and issues—which the Debtors' Chapter 11 Cases and the Adversary Proceedings plainly do—the first-filed action "should have priority." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). Here, the Chapter 11 Cases were filed first, on April 13, 2014—nearly a month before the Redemption Premium Adversary Proceedings and over six weeks before the Subordinated Notes Adversary Proceeding—and the Debtors, from the outset of the Chapter 11 Cases, have made clear that they would ask this Court to confirm a plan in which (a) holders of First Lien and 1.5 Lien Notes are not entitled to receive a redemption premium and (b) holders of Subordinated Notes are not entitled to any recovery on the basis of the contractual subordination provision in their indenture. (*See, e.g.*, First-Day Decl. ¶ 64.) And the Debtors' Plan provides for just that. (Plan §§ 5.4, 5.5, 5.8.) The first-filed doctrine, therefore, grants priority in favor of the Confirmation Hearing in the Debtors' Chapter 11 Cases. *First City Nat'l Bank*, 878 F.2d at 79.

8. Moreover, as "[t]he party opposing application of the first-filed doctrine" the Objectors have "the burden to show that special circumstances justify an exception," *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001), such as "where the first-filed lawsuit is an improper anticipatory declaratory judgment action" or the action was motivated solely by "forum shopping" that is "manipulative" or "deceptive." *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275-76 (2d Cir. 2008). The Objectors, however, do not argue, much less demonstrate, that any "special circumstances" exist here. Accordingly, there is no basis for the Objectors' position that the subsequently-filed Adversary Proceedings should have priority over the first-filed Chapter 11 Cases.

9. Second, the Objectors cite no authority for the proposition that individual confirmation issues, such as whether a redemption premium is due here or whether the Plan's treatment of holders of Subordinated Notes precludes its confirmation, should be decided seriatim, through individual adversary proceedings in advance of confirmation, rather than in connection with the Confirmation Hearing. On the contrary, courts have found that "confirmation issue[s]" should be decided at the Confirmation Hearing. *See, e.g., Chamberlain Grp., Inc. v. Lear Corp. (In re Lear Corp.)*, No. 09-14326 (ALG), 2009 WL 3191369, at *2 (Bankr. S.D.N.Y. Sept. 24, 2009) (where "[t]he Debtors have already scheduled a hearing on confirmation of their Chapter 11 plan of reorganization" and a subsequently-filed action "is material to the feasibility of the plan or to any other confirmation issue," the appropriate "recourse would be <u>to object to confirmation of the plan</u>" rather than seek to litigate the issue via a separate adversary proceeding) (emphasis added). Consistent with this principle, courts have rejected similar efforts to litigate confirmation issues prematurely, *e.g.*, as part of disclosure statement hearings. *See, e.g., In re One Canandaigua Props., Inc.*, 140 B.R. 616, 618 (Bankr. W.D.N.Y. 1992).

10. Third, in seeking to have the redemption premium and subordination issues decided in connection with the subsequently-filed Adversary Proceedings, as opposed to in connection with confirmation of the Plan in the first-filed Chapter 11 Cases, the Objectors are engaging in a species of forum-shopping, designed to avoid the need to post a substantial bond in order to appeal any adverse decision from this Court. That is, if the Court decides these issues in connection with the Confirmation Hearing and rules against the Objectors and confirms the Plan, settled Second Circuit law requires that the Objectors, in order to avoid dismissal of any appeal on equitable mootness grounds, post a substantial bond in order to prevent the Plan from going

effective and being substantially consummated. *See, e.g.,* Fed. R. Bankr. P. 8005; *Official Comm. of Unsecured Creditors of LTV Aerospace & Def. Co. v. Official Comm. of Unsecured Creditors of LTV Steel Co. (In re Chateaugay Corp.)*, 988 F.2d 322, 325 (2d Cir. 1993). By contrast, if the Court decides these issues first in connection with the Adversary Proceedings, the Objectors may argue that they are not required to post a bond in order to avoid dismissal on equitable mootness grounds of any appeal they may take of this Court's decision on whether to grant a declaratory judgment.[6] Such "procedural gamesmanship" is precisely what the first-filed doctrine exists to prevent. *See, e.g., Cont'l Ins. Cos. v. Wickes Cos., Inc.*, No. 90 Civ. 8215 (KMW), 1991 U.S. Dist. LEXIS 12426, at *15 (S.D.N.Y. Sept. 5, 1991) ("[u]nderlying" the first-filed doctrine "is a desire by the courts to avoid sanctioning procedural gamesmanship") (internal quotation marks omitted).

11.     In short, the Objectors have failed to establish any justification for resolving the subsequently-filed adversary proceedings in advance of the Court holding a Confirmation Hearing on the Debtors' Plan in the first-filed Chapter 11 Cases.

B.     There Is No Need For Summary Judgment Motion Practice In Connection With The Redemption Premium Adversary Proceedings Because The Redemption Premium Issue Will Be Resolved As Part Of The Confirmation Hearing.

12.     The First Lien and 1.5 Lien Trustees object to the Debtors' proposed schedule because it allegedly "deprives [them] of their right to seek summary judgment" in connection with the Redemption Premium Adversary Proceedings. (Wilmington Trust/BNY Objection ¶ 7.) That objection is without merit.

13.     The First Lien and 1.5 Lien Trustees have failed to demonstrate that summary judgment motion practice is even appropriate in connection with the Redemption

---

[6] The Debtors expressly reserve their right to contend that the Objectors are required to post a bond in order to avoid dismissal of any such appeal on equitable mootness or other grounds.

- 9 -

Premium Adversary Proceedings, much less that an over four-week, post-discovery briefing period is necessary. (*See id.*) This Court's Local Rules provide that, in an adversary proceeding, "no party shall file a motion for summary judgment without first seeking a pre-motion conference." L.R. 7056-1(a). "The purpose of Local Rule 7056-1(a) is to avoid the bringing of unnecessary summary judgment motions." *Ross v. Tognetti (In re Tognetti)*, No. 03-37171, 2006 Bankr. LEXIS 2216, at *24 (Bankr. S.D.N.Y. Jan. 21, 2006); Comment to Rule 7056-1, Local Bankruptcy Rules for the Southern District of New York ("Subdivision (a) of this rule was added in 2004 because motions for summary judgment are frequently burdensome, in time and expense, for the Court and the parties."). "The comment to Rule 7056-1(a) explains that since most trials in bankruptcy court are bench trials, the rule provides the bankruptcy court the opportunity to determine if 'it would be more cost-effective to resolve all issues at trial' and 'notify the parties of its observations at a pre-motion conference.'" *Law Debenture Trust Co. of N.Y. v. Calpine Corp. (In re Calpine Corp.)*, 356 B.R. 585, 595 (S.D.N.Y. 2007).

14. Here, the Debtors' proposed discovery timeline is consistent with the purpose of Local Rule 7056-1(a) because it will avoid the bringing of unnecessary summary judgment motions. The First Lien and 1.5 Lien Trustees' objection does not deny that the question of whether the holders of First Lien and 1.5 Lien Notes are due a redemption premium is likely to be decided in connection with the Court's determination of whether to confirm the Plan. Indeed, the Plan expressly provides that holders of those Notes will not receive any such premium. (Plan §§ 5.4, 5.5.) Summary judgment motion practice in connection with the Redemption Premium Adversary Proceedings is therefore unnecessary, given that the Court's ruling on this question in its Confirmation Hearing decision will have preclusive effect in those

- 10 -

adversary proceedings. *See, e.g., Celli v. First Nat'l Bank of N.N.Y. (In re Layo)*, 460 F.3d 289, 294 (2d Cir. 2006).[7]

        C.        The Objectors Have Failed To Demonstrate That The Discovery Schedule Proposed By The Debtors Is Unworkable.

15.       The Objectors also niggle over particular dates in the Debtors' proposed discovery schedule, contending that they are unable to proceed on the expeditious timetable set forth there. As demonstrated below, the Objectors have failed to raise a valid complaint with respect to any of the dates proposed by the Debtors for either fact or expert discovery.

16.       The Objectors' complaints about the Debtors' proposed fact discovery schedule all fail. First, the Subordinated Notes Trustee complains that "the Debtors' proposed schedule does not require Rule 26(a) initial disclosures" and, as a result, allegedly "leaves U.S. Bank starting in the dark." (U.S. Bank Objection ¶ 8.) That is false. The Debtors' proposed discovery timeline (*see* Mot. ¶ 12) does not purport to eliminate the obligation of the parties to the adversary proceedings to provide the disclosures required by Rule 7026(a)(1) "without awaiting a discovery request." Fed. R. Bankr. P. 7026(a)(1)(A). Likewise, the Debtors' proposed timeline contains deadlines for the disclosures required by Rules 7026(a)(2)-(3). (Mot. ¶ 12(f), (k).) And with respect to discovery in connection with the Confirmation Hearing, the Subordinated Notes Trustee's argument fails for the additional, independent reason that the Bankruptcy Rules expressly provide that the disclosures required by Rule 7026(a) "shall not apply" to "contested matters" such as the Confirmation Hearing. Fed. R. Bankr. P. 9014(c).

17.       Second, and equally flawed, is the Subordinated Notes Trustee's claim that 16 days is not sufficient time for substantial completion of document productions. (U.S. Bank Objection ¶ 8.) That assertion—for which the Trustee cites no authority at all (*see id.*)—is

---

[7]     In any event, the First Lien and 1.5 Lien Trustees can include any motion for summary judgment as part of their respective confirmation briefs.

undermined by the document production schedule proposed by the other Objectors, which allows 17 days for document productions to be entirely, as opposed to substantially, complete. (Wilmington Trust/BNY Objection ¶ 12(a)-(d).)  In any event, prior to filing the Motion, the Debtors suggested to all constituencies that they serve document requests as soon as possible, rather than await the outcome of the hearing on this Motion.  In the nearly two weeks that have passed since the Debtors made that suggestion, none of the Objectors has propounded so much as a single discovery request, either in connection with the Confirmation Hearing or the Adversary Proceedings.

18.    Third, there is no merit to the Objectors' complaint that the Debtors' proposed schedule would leave them only one day to review documents produced in discovery before noticing the depositions of fact witnesses.  (U.S. Bank Objection ¶ 10; Wilmington Trust/BNY Objection ¶ 4.)  The Debtors' proposed schedule requires that documents be produced on "a rolling basis" following the service of discovery requests.  (Mot. ¶ 12(c).)  Those requests must be served by June 23 (*id.* ¶ 12(a)) and, therefore, document production will begin shortly thereafter.  Indeed, had the Objectors accepted the Debtors' suggestion, made on June 5, that they not wait for the June 19 hearing to propound discovery requests, but instead do so immediately, they would be reviewing documents already.  In other words, the only reason the Objectors may receive documents closer to the deadline for substantial completion of document productions is because they made the conscious decision to delay propounding discovery requests to the Debtors and others.[8]

19.    Fourth, the First Lien and 1.5 Lien Trustees assert—inaccurately—that the Debtors' proposed schedule "does not allocate any time to resolving" disputes that may arise

---

[8]   Moreover, the Debtors have no objection to adding a provision that permits noticing depositions after the deadline upon a showing of both good cause and reasonable diligence by the propounding party, *e.g.*, where the request is based on facts that came to light after that deadline and made without delay.

- 12 -

"over privilege assertions [or] relevance." (Wilmington Trust/BNY Objection ¶ 4.) On the contrary, the Debtors' proposed schedule requires that all responses and objections to discovery requests be served by June 27, 2014. (Mot. ¶ 12(b).) That leaves ample time, prior to the July 9 deadline for substantial completion of document production, for the parties to meet and confer about any disputes and, if necessary, obtain rulings from the Court, especially in light of the expedited procedure in this Court's Chambers Rules for resolving discovery disputes.

20. In short, the Objectors have failed to raise a valid complaint with respect to any of the dates for fact discovery proposed by the Debtors.

21. The Objectors also have not demonstrated why the Debtors' proposed expert discovery schedule should not be adopted. To begin with, the Objectors fail to explain why extensive expert discovery will be necessary when the issues concerning holders of First Lien, 1.5 Lien, and Subordinated Notes that must be resolved in connection with the Confirmation Hearing and the Adversary Proceedings involve only matters of contract interpretation, *i.e.*, the meaning of particular indenture provisions. Indeed, in this regard, the Objectors are in conflict with one another, with the Subordinated Notes Trustee claiming that "[d]iscovery is unnecessary" in order for the Court to interpret indenture language, while the First Lien and 1.5 Lien Trustees assert that the expedited schedule proposed by the Debtors contains "unworkable deadlines," in light of the broad expert discovery they apparently contend is required before the Court can interpret indenture language. (*Compare* U.S. Bank Objection ¶ 2 *with* Wilmington Trust/BNY Objection ¶ 5.)

22. Assuming, *arguendo*, that some expert discovery is necessary in order to interpret the indentures at issue here, the Objectors have failed to demonstrate why the schedule proposed by the Debtors should not be adopted. Instead, the Objectors simply assert that certain

aspects of the Debtors' proposed expert discovery schedule are "patently unreasonable" or "insufficient to allow for satisfactory preparation," but cite no authority for these sweeping pronouncements and, in many cases, do not even offer any explanation of why that is allegedly so. (U.S. Bank Objection ¶ 12; Wilmington Trust/BNY Objection ¶ 5.) For example, they do not cite any support for their assertion that expert discovery cannot occur prior to the completion of the depositions of all fact witnesses (U.S. Bank Objection ¶ 11; Wilmington Trust/BNY Objection ¶ 8), even though the authority cited by the Debtors' Motion provided for precisely such a schedule. (Mot. ¶ 11 (citing *In re Truvo USA, LLC*, No. 10-13513 (AJG), Dkt. No. 206 at 2-3 (Bankr. S.D.N.Y. Sept. 8, 2010).) Similarly, they do not explain why expert depositions cannot be completed during the four-day period allotted by the Debtors' proposed schedule or why one week is insufficient time to prepare a rebuttal expert report. (U.S. Bank Objection ¶ 11; Wilmington Trust/BNY Objection ¶ 8.)

23.  The specific expert discovery complaints interposed by each of the Objectors individually suffer from these same infirmities. The Subordinated Notes Trustee provides no authority or explanation for its assertion that disclosure of the names of expert witnesses and the subject matter of their expected testimony cannot occur before the bulk of discovery has occurred. (U.S. Bank Objection ¶ 11.) Likewise, the First Lien and 1.5 Lien Trustees fail to explain why they are purportedly incapable of incorporating expert deposition testimony into their confirmation objections prior to the July 28 deadline, when the last of those depositions cannot occur any later than three days before that objection deadline. (Wilmington Trust/BNY Objection ¶ 8.) By contrast, the First Lien and 1.5 Lien Trustees had no difficulty incorporating the deposition of Mr. Carter into in their recent objections to the Debtors' motion to approve the RSA and Backstop Commitment Agreement [Docket Nos. 325, 327], even though

that deposition was taken on June 4—only two days prior to the objection deadline for that motion.[9] Finally, although the First Lien and 1.5 Lien Trustees complain that their expert will be unable "to analyze the replacement notes due to be disclosed on July 13 for purposes of the expert reports," they fail to explain how those replacement notes could possibly have any bearing on the question of whether holders of First Lien and 1.5 Lien Notes are due a redemption premium under the terms of their original indentures. (Wilmington Trust/BNY Objection ¶ 6.) Furthermore, certain material terms of the replacement notes, including maturity and interest rate, will be disclosed by the Debtors prior to the June 19 hearing on the Motion, in connection with the filing of the Debtors' revised Disclosure Statement.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form of Exhibit 1 to the Motion, and grant such other and further relief as this Court deems just and proper.

---

[9] In any event, even if this particular argument were well-taken, and it is not, it is easily overcome by granting the parties a limited right to supplement confirmation objections within a reasonable period of time after the conclusion of expert depositions.

Dated: New York, New York
      June 18, 2014

                              WILLKIE FARR & GALLAGHER LLP
                              *Counsel for the Debtors and*
                              *Debtors in Possession*

                              By:   /s/ Joseph T. Baio
                                    Joseph T. Baio (jbaio@willkie.com)
                                    Dan C. Kozusko (dkozusko@willkie.com)

                                    787 Seventh Avenue
                                    New York, New York  10019-6099
                                    Telephone:  (212) 728-8000
                                    Facsimile:  (212) 728-8111