**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
                                                        :
In re                                                   :    Chapter 11
                                                        :
MPM SILICONES, LLC, *et al.*,[1]                        :    Case No. 14-22503 (RDD)
                                                        :
               Debtors.                       :    (Jointly Administered)
                                                        :
-------------------------------------------------------- x
                                                        :
MOMENTIVE PERFORMANCE                                   :
MATERIALS INC., MOMENTIVE                               :
PERFORMANCE MATERIALS                                   :
WORLDWIDE INC., MOMENTIVE                               :
PERFORMANCE MATERIALS USA INC.,                         :
JUNIPER BOND HOLDINGS I LLC,                            :    Chapter 11
JUNIPER BOND HOLDINGS II LLC,                           :
JUNIPER BOND HOLDINGS III LLC,                          :
JUNIPER BOND HOLDINGS IV LLC,                           :    Adversary Proceeding
MOMENTIVE PERFORMANCE                                   :    No. 14-08227 (RDD)
MATERIALS QUARTZ, INC., MPM                             :
SILICONES, LLC, MOMENTIVE                               :
PERFORMANCE MATERIALS SOUTH                             :
AMERICA INC., MOMENTIVE                                 :
PERFORMANCE MATERIALS CHINA                             :
SPV INC.                                                :
                                                        :
               Plaintiffs,                    :
                                                        :
v.                                                      :
                                                        :
THE BANK OF NEW YORK MELLON                             :
TRUST COMPANY, N.A., solely as Trustee                  :
for the MPM Escrow LLC and MPM Finance                  :
Escrow Corp. 8.875% First Priority Senior               :
Secured Notes due 2020,                                 :
                                                        :

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Juniper Bond Holdings I LLC (9631), Juniper Bond Holdings II LLC (9692), Juniper Bond Holdings III LLC (9765), Juniper Bond Holdings IV LLC (9836), Momentive Performance Materials China SPV Inc. (8469), Momentive Performance Materials Holdings Inc. (8246), Momentive Performance Materials Inc. (8297), Momentive Performance Materials Quartz, Inc. (9929), Momentive Performance Materials South America Inc. (4895), Momentive Performance Materials USA Inc. (8388), Momentive Performance Materials Worldwide Inc. (8357), and MPM Silicones, LLC (5481).

|  |  |
|---|---|
| Defendant. | : |
| ------------------------------------------------------- x | : |
| MOMENTIVE PERFORMANCE MATERIALS INC., MOMENTIVE PERFORMANCE MATERIALS WORLDWIDE INC., MOMENTIVE PERFORMANCE MATERIALS USA INC., JUNIPER BOND HOLDINGS I LLC, JUNIPER BOND HOLDINGS II LLC, JUNIPER BOND HOLDINGS III LLC, JUNIPER BOND HOLDINGS IV LLC, MOMENTIVE PERFORMANCE MATERIALS QUARTZ, INC., MPM SILICONES, LLC, MOMENTIVE PERFORMANCE MATERIALS SOUTH AMERICA INC., MOMENTIVE PERFORMANCE MATERIALS CHINA SPV INC. | : : : : : : : : : : : : : : Chapter 11<br><br>Adversary Proceeding No. 14-08228 (RDD) |
| Plaintiffs, | : |
| v. | : |
| WILMINGTON TRUST, N.A., solely as Trustee for the Momentive Performance Materials Inc. 10% Senior Secured Notes due 2020, | : : : : |
| Defendant. | : |
| ------------------------------------------------------- x | : |
| U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE | : : : |
| Plaintiff, | : |
| v. | : Chapter 11<br><br>Adversary Proceeding No. 14-08238 (RDD) |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS INDENTURE TRUSTEE; MOMENTIVE PERFORMANCE MATERIALS, INC.; JUNIPER BOND HOLDINGS I LLC; JUNIPER BOND HOLDINGS II LLC; | : : : : : : : |

| | |
|---|---|
| JUNIPER BOND HOLDINGS III LLC; | : |
| JUNIPER BOND HOLDINGS IV LLC; | : |
| MOMENTIVE PERFORMANCE | : |
| MATERIALS CHINA SPV INC.; | : |
| MOMENTIVE PERFORMANCE | : |
| MATERIALS HOLDINGS INC.; | : |
| MOMENTIVE PERFORMACNE | : |
| MATERIALS QUARTZ, INC.; | : |
| MOMENTIVE PERFORMANCE | : |
| MATERIALS SOUTH AMERCA INC.; | : |
| MOMENTIVE PERFORMANCE | : |
| MATERIALS USA INC.; MOMENTIVE | : |
| PERFORMANCE MATERIALS | : |
| WORLDWIDE INC.; AND MPM | : |
| SILICONES LLC | : |
|                   Defendants | : |
| | : |
| ---------------------------------------------------------- x | |

# ORDER ESTABLISHING A TIMELINE FOR CONFIRMATION-AND ADVERSARY PROCEEDUING-RELATED DISCOVERY

Upon consideration of the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 9006(c) and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's inherent authority to manage its docket, establishing a timeline for any discovery that may be sought in connection with the confirmation of the Debtors' proposed plan of reorganization in the above-captioned chapter 11 cases and the above-captioned Adversary Proceedings; and it appearing that due and sufficient notice pursuant to Bankruptcy Rule 2002(b) of the Motion and the hearing thereon has been given; and upon the objections to the Motion and the responses thereto; and upon the record of the hearing held by the Court on the Motion on June 19, 2014; and, consistent with the Court's directions at the hearing, the parties having met

---

[2]     Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion.

- 3 -

and conferred on the terms of this Order; and after due deliberation and upon the Court's determination that the relief requested in the Motion to the extent granted herein is in the best interests of the Debtors, their estates, and creditors and other parties in interest; and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is granted as set forth herein and any objections thereto, to th extent not incorporated or resolved in this Order are overruled.

2. Each of the above-captioned Adversary Proceedings, Nos. 14-08227 (RDD), 14-08228 (RDD), and 14-08238 (RDD) (collectively, the "**Adversary Proceedings**"), will be heard in connection with the Court's confirmation hearing on the Debtors' proposed plan of reorganization in the above-captioned Chapter 11 Cases [Docket No. 172] (the "**Plan**"), which the Court has scheduled for the following dates: August 18, 19, 21, and 22, 2014 (unless adjourned in accordance with paragraph 10 hereof or by other order of the Court) (the "**Confirmation Hearing**") and the ruling on the Adversary Proceedings will be issued as part of the ruling deciding the confirmability of the Plan.

3. The Court hereby establishes the following timeline for any discovery that may be sought in connection with the confirmation of the Plan (with the sole exception of the Cramdown Discovery provided for in paragraph 7 of this Order) or the Adversary Proceedings captioned Nos. 14-08227 (RDD) and 14-08228 (RDD):[3]

---

[3] The parties to the Adversary Proceeding captioned No. 14-08238 (RDD) have agreed that there shall be no fact or expert testimony at the Confirmation Hearing in connection with the issue raised in that Adversary Proceeding ("**Subordination Issue**"). Nor shall there be any fact or expert discovery taken in connection with the Subordination Issue. By August 8, 2014, each party seeking to be heard in connection with the Subordination Issue at the Confirmation Hearing shall provide to all other parties to, and those seeking to intervene in, Adversary Proceeding No. 14-08238, copies of documents they intend to rely on at the Confirmation Hearing.

(a) All requests for the production of documents and interrogatories must be served no later than June 23, 2014, provided that any party who is served with a timely request for the production of documents or interrogatories shall have two additional days to serve any document requests, interrogatories, or subpoenas for the production of documents;

(b) All responses and objections to requests for the production of documents and interrogatories must be served no later than June 27, 2014;

(c) The production of documents pursuant to any requests for the production of documents must be made on a rolling basis and be substantially complete no later than July 9, 2014;

(d) Any notices for the deposition of, or subpoenas to, fact witnesses must be served no later than July 10, 2014;

(e) Depositions of fact witnesses shall be substantially complete by July 25, 2014;

(f) Expert witnesses shall be identified in accordance with the procedures set forth in Rule 7026(a)(2)(A) of the Bankruptcy Rules, and the subject matter of each expert's testimony shall be disclosed, no later than July 3, 2014.

(g) All written expert reports required by Rule 7026(a)(2)(B) of the Bankruptcy Rules shall be served no later than July 14, 2014.

(h) The parties shall serve any rebuttal expert reports (including the information required by Rule 7026(a)(2)(B) of the Bankruptcy Rules) no later than July 21, 2014.

(i) Any notices for the deposition of expert witnesses identified pursuant Rule 7026(a)(2)(A) of the Bankruptcy Rules shall be served no later than July 11, 2014.

(j) Depositions of expert witnesses shall be substantially complete by July 25, 2014.

(k) The pretrial disclosures required by Rule 7026(a)(3)(A) of the Bankruptcy Rules shall be served by July 31, 2014.

(l) Any objections to the pretrial disclosures required by Rule 7026(a)(3)(A) of the Bankruptcy Rules shall be served by August 7, 2014.

4. The Debtors, Apollo Global Management, LLC and certain of its affiliated funds (collectively, "**Apollo**"), the Ad Hoc Committee of Second Lien Noteholders (the "**Ad**

**Hoc Committee**"), and Wilmington Savings Fund Society, FSB, as Indenture Trustee may serve (and filed on the docket, with a copy to the Court's chambers) any briefs in support of their respective positions in any Adversary Proceedings to which they are parties, intervenors, or proposed intervenors no later than July 14, 2014 by 4:00 p.m. (prevailing Eastern time) and must do so in accordance with paragraph 15 of the Court's Disclosure Statement Order.[4] Any opposition and reply briefs shall be incorporated into the Confirmation Objections and responses to Confirmation Objections that are provided for by paragraphs 5 and 6 hereof, respectively.

        5.      Any objections to confirmation of the Plan (collectively, "**Confirmation Objections**"), except for (i) those limited solely to the Cramdown Provisions (as provided for in paragraph 8 hereof), (ii) those limited solely to the Subordination Issue or solely to the Redemption Premium Issue (as provided for in the following sentence), must be served (and filed on the docket, with a copy to chambers) no later than July 28, 2014 by 4:00 p.m. (prevailing Eastern time) and be served in accordance with paragraph 15 of the Disclosure Statement Order. Any objections to confirmation of the Plan that pertain (i) solely to the Subordination Issue, including any objections based upon the treatment of the individual or direct claims of U.S. Bank National Association as Indenture Trustee, or (ii) solely to the issues presented in Adversary Proceedings Nos. 14-08227 (RDD) and 14-08228 (RDD) (the "**Redemption Premium Issue**") must be served (and filed on the docket, with a copy to the Court's chambers) no later than

---

[4] "**Disclosure Statement Order**" shall mean the Court's Order: (I) Approving Disclosure Statement; (II) Establishing Date Of Confirmation Hearing; (III) Establishing Procedures For Solicitation And Tabulation Of Votes To Accept Or Reject Plan, Including (A) Approving Form And Manner Of Solicitation Packages, (B) Approving Form And Manner Of Notice Of The Confirmation Hearing, (C) Establishing Record Date And Approving Procedures For Distribution Of Solicitation Packages, (D) Approving Forms Of Ballots, (E) Establishing Deadline For Receipt Of Ballots, And (F) Approving Procedures For Vote Tabulations; (IV) Establishing Deadline And Procedures For Filing Objections To Confirmation Of Plan; (V) Approving Rights Offering Procedures And (VI) Granting Related Relief [Docket No. 508].

August 5, 2014 by 12:00 noon (prevailing Eastern time) and be served in accordance with paragraph 15 of the Disclosure Statement Order.

      6.     Any responses to Confirmation Objections, except for those limited solely to the Cramdown Provisions (as provided for in paragraph 9 hereof), must be served (and filed on the docket, with a copy to the Court's chambers) no later than August 12, 2014 by 4:00 p.m. (prevailing Eastern time) and be served in accordance with paragraph 15 of the Disclosure Statement Order.

      7.     The Court hereby establishes the following timeline for any discovery ("**Cramdown Discovery**") that may be sought in connection with sections 5.4(b)(ii) and 5.5(b)(ii) of the Plan (the "**Cramdown Provisions**"):

(a) All requests for the production of documents and interrogatories must be served no later than June 25, 2014.

(b) All responses and objections to requests for the production of documents and interrogatories must be served no later than June 30, 2014.

(c) The production of documents pursuant to any requests for the production of documents must be made on a rolling basis that must begin on or before July 1, 2014.

(d) The production of documents pursuant to any requests for the production of documents must be substantially complete by no later than July 9, 2014.

(e) Deposition notices/subpoenas to fact witnesses must be served no later than July 11, 2014.

(f) Depositions of fact witnesses shall begin on or about July 14, 2014.

(g) Depositions of fact witnesses shall be substantially complete by July 18, 2014.

(h) Rule 7026(a)(2)(A) disclosure of the names of expert witnesses and the topics on which each expert will opine shall be served no later than July 21, 2014.

(i) Written expert reports required by Rule 7026(a)(2)(B) shall be served no later than July 24, 2014.

(j) Rebuttal expert reports (if any) shall be served no later than July 31, 2014.

(k) Any notices for the deposition of expert witnesses identified pursuant Rule 7026(a)(2)(A) of the Bankruptcy Rules shall be served no later than July 28, 2014.

(l) Expert depositions shall begin on or about August 4, 2014 and shall be substantially complete by August 8, 2014.

(m) Written direct declarations for fact witnesses shall be due August 14, 2014 and expert direct declarations shall be due on August 15, 2014.[5]

(n) Any Rule 7026(a)(3)(A) pretrial disclosures shall be due on August 15.

(o) Any objections to Rule 7026(a)(3)(A) pretrial disclosures shall be made by August 19.

8. Any objections to confirmation of the Plan that pertain solely to the Cramdown Provisions (collectively, "**Cramdown Objections**") must be served (and filed on the docket, with a copy to the Court's chambers) no later than August 11, 2014 by 4:00 p.m. (prevailing Eastern time) and be served in accordance with paragraph 15 of the Disclosure Statement Order.

9. Any responses to Cramdown Objections must be served (and filed on the docket, with a copy to the Court's chambers) no later than August 18, 2014 by 4:00 p.m. (prevailing Eastern time) and be served in accordance with paragraph 15 of the Disclosure Statement Order.

10. The Court shall begin consideration of the issues presented by Adversary Proceeding No. 14-08238 (RDD) at the first day of the Confirmation Hearing, immediately following the disposition of any preliminary matters. The Court shall consider the Cramdown Provisions of the Plan at the Confirmation Hearing on August 21 and 22, 2014. In the event the

---

[5] Direct testimony of all witnesses on a party's main case who are under such party's control shall be by affidavit or verified declaration, unless such party has obtained the Court's permission, in advance of the deadline to submit such a declaration, to testify in person. All witnesses must be present in Court on the date that their testimony is scheduled, for cross-examination and redirect.

- 8 -

Court determines that Cramdown Discovery cannot be completed in time to hold the Confirmation Hearing on the Cramdown Provisions of the Plan on August 21 and 22, 2014, the Court will adjourn those two days of the Confirmation Hearing, but in no event shall the Confirmation Hearing be adjourned to a date that does not permit the Court to issue an order on whether to confirm the Plan any later than September 15, 2014.

11. The Debtors hereby are authorized and empowered to take such steps and expend such funds as are necessary to implement the terms of this Order.

12. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

13. The parties shall use their best efforts to agree on the admissibility of as many proposed exhibits as possible and provide the Court's chambers with an agreed exhibit book at least two days before the commencement of the Confirmation Hearing. If a party intends to introduce deposition excerpts as part of its main case, it must disclose such intention to the other parties sufficiently in advance of the Confirmation Hearing for such parties to consider the introduction of their own deposition excerpts. Any such excerpts must be highlighted and provided to the Court with the agreed exhibit book.

14. The parties shall promptly meet and confer on all discovery disputes before raising any such dispute with the Court, which may be done by letter, emailed to chambers and copied to the other parties, briefly outlining the unresolved issue(s) and requesting a telephonic conference with the Court.

Dated: June 26, 2014
      White Plains, New York     /s/ Robert D. Drain

                                   HONORABLE ROBERT D. DRAIN
                                   UNITED STATES BANKRUPTCY JUDGE