Joseph T. Baio
Dan C. Kozusko
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York  10019
Telephone:  (212) 728-8000

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>MPM SILICONES, LLC, *et al*.,[1]<br><br>                Debtors,<br>------------------------------------------------------------<br>U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE,<br><br>                Plaintiff,<br>    -against-<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, AS INDENTURE TRUSTEE; MOMENTIVE PERFORMANCE MATERIALS INC., MOMENTIVE PERFORMANCE MATERIALS WORLDWIDE INC., MOMENTIVE PERFORMANCE MATERIALS USA INC., JUNIPER BOND HOLDINGS I LLC, JUNIPER BOND HOLDINGS II LLC, JUNIPER BOND HOLDINGS III LLC, JUNIPER BOND HOLDINGS IV LLC, MOMENTIVE PERFORMANCE MATERIALS QUARTZ, INC., MPM SILICONES, LLC, MOMENTIVE PERFORMANCE MATERIALS SOUTH AMERICA INC., | Chapter 11<br><br>Case No. 14-22503 (RDD)<br><br>(Jointly Administered)<br><br>Adv. Proc. No. 14-8238 (RDD)<br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF THE DEBTORS TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Juniper Bond Holdings I LLC (9631), Juniper Bond Holdings II LLC (9692), Juniper Bond Holdings III LLC (9765), Juniper Bond Holdings IV LLC (9836), Momentive Performance Materials China SPV Inc. (8469), Momentive Performance Materials Holdings Inc. (8246), Momentive Performance Materials Inc. (8297), Momentive Performance Materials Quartz, Inc. (9929), Momentive Performance Materials South America Inc. (4895), Momentive Performance Materials USA Inc. (8388), Momentive Performance Materials Worldwide Inc. (8357), and MPM Silicones, LLC (5481).

| | |
|---|---|
| MOMENTIVE PERFORMANCE MATERIALS<br>CHINA SPV INC.,<br><br><br>                           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

Defendants Momentive Performance Materials Inc., Momentive Performance Materials Worldwide Inc., Momentive Performance Materials USA Inc., Juniper Bond Holdings I LLC, Juniper Bond Holdings II LLC, Juniper Bond Holdings III LLC, Juniper Bond Holdings IV LLC, Momentive Performance Materials Quartz, Inc., MPM Silicones, LLC, Momentive Performance Materials South America Inc., and Momentive Performance Materials China SPV Inc., the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), by and through their undersigned attorneys, Willkie Farr & Gallagher LLP, for their answer and affirmative defenses in response to Plaintiff's Complaint for Declaratory Judgment, dated May 30, 2014 (the "**Complaint**"), respond as follows:

**AS TO THE ALLEGATIONS CONCERNING "PRELIMINARY STATEMENT"**

The Debtors object to all headings in the Complaint as not constituting proper allegations or fit matter for a pleading and therefore deny them; and with respect to the numbered allegations 1 through 60 and the Prayer for Relief in the Complaint, the Debtors answer as follows:

1.      State that Paragraph 1 constitutes a legal conclusion to which no response is required.  To the extent that Paragraph 1 refers to the Indenture Agreement, dated December 4, 2006 (as amended, the "**Indenture**"), the Debtors respectfully refer the Court to the

2

Indenture for its precise content. To the extent Paragraph 1 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

2. State that Paragraph 2 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 2 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content. To the extent Paragraph 2 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

3. State that Paragraph 3 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 3 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content. To the extent Paragraph 3 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

4. State that Paragraph 4 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 4 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content. To the extent Paragraph 4 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

5. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5. To the extent that Paragraph 5 refers to certain documents, the Debtors respectfully refer the Court to the cited documents for their precise content. To the extent Paragraph 5 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

6. State that Paragraph 6 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 6 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content. To the extent Paragraph 6 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

## AS TO THE ALLEGATIONS CONCERNING "PARTIES"

7. Admit the allegations in Paragraph 7.

8. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, except respectfully refer the Court to the Indenture for its precise content.

9. State that Paragraph 9 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 9 refers to the Second-Priority Notes Indenture, the Debtors respectfully refer the Court to the Second-Priority Notes Indenture for its precise content. To the extent Paragraph 9 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

## AS TO THE ALLEGATIONS CONCERNING "JURISDICTION AND VENUE"

10. State that Paragraph 10 constitutes a legal conclusion to which no response is required. To the extent Paragraph 10 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

11. State that Paragraph 11 constitutes a legal conclusion to which no response is required. To the extent Paragraph 11 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

## AS TO THE ALLEGATIONS CONCERNING "STATEMENT OF FACTS"

12. Admit the allegations in Paragraph 12.

13. State that Paragraph 13 constitutes a legal conclusion to which no response is required. To the extent Paragraph 13 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

14.     Deny the allegations in Paragraph 14, except respectfully refer the Court to the First-Day Declaration of William Carter (the "**First-Day Declaration**") for a description of the Debtors' prepetition capital structure.

**A.  As to the Allegations Concerning "The Senior Sub Notes."**

15.     State that Paragraph 15 constitutes a legal conclusion to which no response is required.  To the extent that Paragraph 15 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content.  To the extent Paragraph 15 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

16.     State that Paragraph 16 constitutes a legal conclusion to which no response is required.  To the extent that Paragraph 16 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content.  To the extent Paragraph 16 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

17.     State that Paragraph 17 constitutes a legal conclusion to which no response is required.  To the extent that Paragraph 17 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content.  To the extent Paragraph 17 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

18.     State that Paragraph 18 constitutes a legal conclusion to which no response is required.  To the extent that Paragraph 18 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content.  To the extent Paragraph 18 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

19.     State that Paragraph 19 constitutes a legal conclusion to which no response is required.  To the extent that Paragraph 19 refers to the Indenture, the Debtors respectfully

refer the Court to the Indenture for its precise content.  To the extent Paragraph 19 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

20. State that Paragraph 20 constitutes a legal conclusion to which no response is required.  To the extent that Paragraph 20 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content.  To the extent Paragraph 20 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

21. State that Paragraph 21 constitutes a legal conclusion to which no response is required.  To the extent that Paragraph 21 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content.  To the extent Paragraph 21 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

22. State that Paragraph 22 constitutes a legal conclusion to which no response is required.  To the extent that Paragraph 22 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content.  To the extent Paragraph 22 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

23. State that Paragraph 23 constitutes a legal conclusion to which no response is required.  To the extent that Paragraph 23 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content.  To the extent Paragraph 23 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

24. State that Paragraph 24 constitutes a legal conclusion to which no response is required.  To the extent that Paragraph 24 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content.  To the extent Paragraph 24 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

25. State that Paragraph 25 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 25 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content. To the extent Paragraph 25 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

### B. As to the Allegations Concerning "MPM Issues Second-Priority Debt."

26. Deny the allegations in Paragraph 26, except respectfully refer the Court to the First-Day Declaration for a description of the Debtors' prepetition capital structure.

27. State that Paragraph 27 constitutes a legal conclusion to which no response is required. To the extent Paragraph 27 refers to the 9.0% Second-Priority Springing Lien Notes due 2021 and the euro-denominated 9.5% Second-Priority Springing Lien Notes due 2021 (together, the "**Second-Priority Notes**"), the Debtors respectfully refer the Court to the Second-Priority Notes for their precise content. To the extent Paragraph 27 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

28. State that Paragraph 28 constitutes a legal conclusion to which no response is required. To the extent Paragraph 28 refers to the indenture governing the Senior Sub Notes (the "**Second-Priority Notes Indenture**"), the Debtors respectfully refer the Court to the Second-Priority Notes Indenture for its precise content. To the extent Paragraph 28 refers to an intercreditor agreement among the First-Priority Notes, the 1½-Lien Notes, and the Second-Priority Notes (the "**Second-Priority Intercreditor Agreement**"), the Debtors respectfully refer the Court to the Second-Priority Intercreditor Agreement for its precise content. To the extent Paragraph 28 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

7

29. State that Paragraph 29 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 29 refers to the form of the Second-Priority Notes, the Debtors respectfully refer the Court to the form of the Second-Priority Notes for its precise content. To the extent Paragraph 29 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

30. State that Paragraph 30 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 30 refers to the form of the Second-Priority Notes, the Debtors respectfully refer the Court to the form of the Second-Priority Notes for its precise content. To the extent Paragraph 30 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

31. State that Paragraph 31 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 31 refers to the Second-Priority Intercreditor Agreement, the Debtors respectfully refer the Court to the Second-Priority Intercreditor Agreement for its precise content. To the extent Paragraph 31 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

32. State that Paragraph 32 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 32 refers to the Second-Priority Intercreditor Agreement, the Debtors respectfully refer the Court to the Second-Priority Intercreditor Agreement for its precise content. To the extent Paragraph 32 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

33. State that Paragraph 33 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 33 refers to the Second-Priority Notes and the Second-Priority Intercreditor Agreement, the Debtors respectfully refer the Court to those

8

documents for their precise content. To the extent Paragraph 33 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

34. State that Paragraph 34 constitutes a legal conclusion to which no response is required. To the extent Paragraph 34 refers to the Second-Priority Notes Indenture, the Debtors respectfully refer the Court to the Second-Priority Notes Indenture for its precise content. To the extent Paragraph 34 refers to the Second-Priority Intercreditor Agreement, the Debtors respectfully refer the Court to the Second-Priority Intercreditor Agreement for its precise content. To the extent Paragraph 34 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

### C. As to the Allegations Concerning "Leading Rating Agency Explains the Commercial Purpose of the Indenture's Subordination Provision."

35. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35. To the extent that Paragraph 35 refers to the February 2006 Fitch Ratings Special Report (the "**Fitch Report**"), the Debtors respectfully refer the Court to the Fitch Report for its precise content. To the extent Paragraph 35 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

36. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36. To the extent that Paragraph 36 refers to the Fitch Report, the Debtors respectfully refer the Court to the Fitch Report for its precise content. To the extent Paragraph 36 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

37. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37. To the extent that

9

Pg 10 of 17

Paragraph 37 refers to the Fitch Report, the Debtors respectfully refer the Court to the Fitch Report for its precise content. To the extent Paragraph 37 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

38. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38. To the extent that Paragraph 38 refers to certain documents, the Debtors respectfully refer the Court to the cited documents for their precise content. To the extent Paragraph 38 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

39. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39. To the extent that Paragraph 39 refers to the Fitch "2006 Year-End Update" (the "**Fitch Update**"), the Debtors respectfully refer the Court to the Fitch Update for its precise content. To the extent Paragraph 39 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

40. State that Paragraph 40 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 40 refers to the Fitch Update or other documents, the Debtors respectfully refer the Court to those documents for their precise content. To the extent Paragraph 40 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

**D. As to the Allegations Concerning "The Capital Markets—Sophisticated and Objective—Confirm the Second-Priority Notes Are Not Senior Indebtedness."**

41. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41. To the extent that

10

Paragraph 41 refers to "[v]arious other indentures," the Debtors respectfully refer the Court to the cited documents for their precise content. To the extent Paragraph 41 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

42. State that Paragraph 42 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 42 refers to the Travelport indenture, the Debtors respectfully refer the Court to the Travelport indenture for its precise content. To the extent Paragraph 42 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

43. State that Paragraph 43 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 43 refers to the Travelport indenture, the Debtors respectfully refer the Court to the Travelport indenture for its precise content. To the extent Paragraph 43 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

44. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44. To the extent that Paragraph 44 refers to the Travelport indenture, the Debtors respectfully refer the Court to the Travelport indenture for its precise content. To the extent Paragraph 44 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

45. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45. To the extent Paragraph 45 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

46. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46. To the extent that Paragraph 46 refers to the Realogy indenture and the Indenture, the Debtors respectfully refer the Court to those documents for their precise content. To the extent Paragraph 46 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

47. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47. To the extent Paragraph 47 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

48. State that Paragraph 48 constitutes a legal conclusion to which no response is required. To the extent Paragraph 48 refers to the Indenture, the Travelport indenture and the Realogy indenture, the Debtors respectfully refer the Court to those documents for their precise content. To the extent Paragraph 48 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

49. State that Paragraph 49 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 49 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content. To the extent Paragraph 49 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

**E. As to the Allegations Concerning "The Debtors File for Bankruptcy and Propose a Plan of Reorganization in Violation of the Senior Sub Note Indenture."**

50. Deny the allegations in Paragraph 50 and refer to the section of the First-Day Declaration entitled "Events Leading Up to the Chapter 11 Filing," except to the extent that

Paragraph 50 refers to the restructuring agreement (the "**RSA**"), the Debtors respectfully refer the Court to the RSA for its precise content.

51. State that Paragraph 51 constitutes a legal conclusion to which no response is required. To the extent Paragraph 51 refers to the plan of reorganization (the "**Plan**"), the Debtors respectfully refer the Court to the Plan for its precise content. To the extent Paragraph 51 makes allegations against the Debtors, the Debtors deny the allegations contained therein, except that the Debtors admit that the Plan was filed on May 12, 2014.

52. State that Paragraph 52 constitutes a legal conclusion to which no response is required. To the extent Paragraph 52 makes allegations against the Debtors, the Debtors deny the allegations contained therein, except that the Debtors admit that a statutory creditors' committee has been appointed and has made inquiries as to the Debtors' financial condition.

53. State that Paragraph 53 constitutes a legal conclusion to which no response is required. To the extent that Paragraph 53 refers to the Indenture and the Plan, the Debtors respectfully refer the Court to the cited documents for their precise content. To the extent Paragraph 53 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

**AS TO THE ALLEGATIONS CONCERNING "COUNT I"**

54. Incorporate their responses to Paragraphs 1-53 as if set forth fully herein.

55. State that Paragraph 55 constitutes a legal conclusion to which no response is required. To the extent Paragraph 55 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

56. State that Paragraph 56 constitutes a legal conclusion to which no response is required. To the extent Paragraph 56 refers to the Second-Priority Notes Indenture, the Debtors respectfully refer the Court to the Second-Priority Notes Indenture for its precise content. To the extent Paragraph 56 refers to the Second-Priority Intercreditor Agreement, the Debtors respectfully refer the Court to the Second-Priority Intercreditor Agreement for its precise content. To the extent Paragraph 56 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

57. State that Paragraph 57 constitutes a legal conclusion to which no response is required. To the extent Paragraph 57 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

58. State that Paragraph 58 constitutes a legal conclusion to which no response is required. To the extent Paragraph 58 refers to the Bankruptcy Code, the Debtors respectfully refer the Court to the Bankruptcy Code for its precise content. To the extent Paragraph 58 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

59. State that Paragraph 59 constitutes a legal conclusion to which no response is required. To the extent Paragraph 59 refers to the Plan, the Debtors respectfully refer the Court to the Plan for its precise content. To the extent Paragraph 59 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

60. State that Paragraph 60 constitutes a legal conclusion to which no response is required. To the extent Paragraph 60 refers to the Indenture, the Debtors respectfully refer the Court to the Indenture for its precise content. To the extent Paragraph 60 makes allegations against the Debtors, the Debtors deny the allegations contained therein.

## AS TO THE "PRAYER FOR RELIEF"

The Debtors deny that Plaintiffs are entitled to any of the relief listed in their Prayer for Relief.

## ADDITIONAL DENIAL

To the extent that there are any allegations in the Complaint directed to the Debtors to which they did not respond specifically, such omission was inadvertent, and the Debtors hereby deny such allegations.

## AFFIRMATIVE AND OTHER DEFENSES

The Debtors state the following affirmative and other defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiff.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Any recovery against the Debtors is barred, or must be reduced, because of the culpable conduct of Plaintiff and/or third parties.

## THIRD DEFENSE

Any recovery against the Debtors is barred, or must be reduced, pursuant to the doctrine of waiver.

## FOURTH DEFENSE

Any recovery against the Debtors is barred, or must be reduced, pursuant to the doctrine of estoppel.

**FIFTH DEFENSE**

Any recovery against the Debtors is barred, or must be reduced, pursuant to the doctrine of judicial estoppel.

**SIXTH DEFENSE**

Any recovery against the Debtors is barred, or must be reduced, pursuant to the doctrine of *in pari delicto*.

**SEVENTH DEFENSE**

Any recovery against the Debtors is barred, or must be reduced, pursuant to the doctrine of laches.

**EIGHTH DEFENSE**

Any recovery against the Debtors is barred, or must be reduced, pursuant to the doctrines of accord and satisfaction.

**NINTH DEFENSE**

Any recovery against the Debtors is barred, or must be reduced, due to Plaintiff's ratification, agreement, acquiescence, or consent to the Debtors' alleged misconduct.

**TENTH DEFENSE**

Any recovery against the Debtors is barred, or must be reduced, pursuant to the doctrine of unclean hands.

**ADDITIONAL AFFIRMATIVE DEFENSES**

The Debtors hereby give notice that they intend to rely on such other and further defenses as may become available or apparent during pre-trial proceedings in this action and hereby reserves their right to amend this Answer and assert all such defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, the Debtors respectfully request the following relief:

A. dismissal of the Complaint for Declaratory Judgment in its entirety against the Debtors with prejudice;

B. all fees, costs, expenses, and disbursements incurred in connection with defending this action, including reasonable attorneys' fees; and

C. such other and further relief as the Court deems just and proper.


Dated: July 2, 2014                              WILLKIE FARR & GALLAGHER LLP

                                                 By: /s/ Joseph T. Baio
                                                     Joseph T. Baio
                                                     Dan C. Kozusko
                                                     787 Seventh Avenue
                                                     New York, New York  10019
                                                     Telephone: (212) 728-8000

                                                 *Counsel for the Debtors and*
                                                 *Debtors in Possession*